IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CV-78-H

| | |
|---|---|
| THOMAS EVERETTE, JR., | |
| Plaintiff, | |
| v. | **MEMORANDUM & RECOMMENDATION** |
| STATE FARM FIRE AND CASUALTY COMPANY, and BERNICE PITT, | |
| Defendants. | |

This pro se case is before the court for frivolity review of Plaintiff Thomas Everette, Jr.'s complaint [DE #1] pursuant to 28 U.S.C. § 1915(e)(2)(B), the matter having been referred to the undersigned by the Honorable Malcolm J. Howard, Senior United States District Judge. For the reasons stated below, it is recommended that Plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### I. Standard for Frivolity Review

Notwithstanding the court's prior determination that Plaintiff is entitled to *in forma pauperis* status, the court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim on which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County*, 434 F.3d 725, 728

(4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Pro se complaints are entitled to a more liberal treatment than pleadings drafted by lawyers. *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989). However, the court is not required to accept a pro se plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

Rule 8 of the *Federal Rules of Civil Procedure* requires a complaint to give a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The statement must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A plaintiff must offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001); *see also White*, 886 F.2d at 723 (affirming district court's dismissal of plaintiff's suit as frivolous where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). While the court must read the complaint carefully to determine if the plaintiff has alleged specific facts sufficient to support his claims, *White*, 886 F.2d at 724, the court is not required to act as the pro se plaintiff's advocate or to parse through volumes of documents or discursive arguments in an attempt to discern the plaintiff's unexpressed intent, *Williams v. Ozmint*, 716 F.3d 801, 803 (4th Cir. 2013).

2

## II. Plaintiff's Claims

Plaintiff seeks monetary damages and equitable relief against Defendants State Farm Fire and Casualty Company ("State Farm") and Bernice Pitt ("Pitt"). Against State Farm, Plaintiff purports to assert the following claims: (1) violation of Plaintiff's due process rights under the Fifth and Fourteenth Amendments; (2) violation of Plaintiff's right to equal protection under the Fourteenth Amendment; (3) tampering with and destruction of evidence; (4) violation of North Carolina General Statute § 75-1.1; (5) breach of contract; and (6) bad faith in the settlement of Plaintiff's insurance claim. Plaintiff also purports to assert the following claims against Pitt as an agent of State Farm: (1) negligent misrepresentation; (2) fraudulent misrepresentation; (3) breach of her duty as an insurance agent; and (4) violation of North Carolina General Statute § 75-1.1.

### A. Background

Plaintiff applied for home insurance coverage through State Farm in August 2001 for a house under construction in Edgecombe County. Pitt, a State Farm agent, assisted with preparing Plaintiff's insurance application and examined relevant insurance history. State Farm subsequently issued an insurance policy based on Plaintiff's application. Plaintiff alleges that if the application was filled out incorrectly, it was done so at Pitt's direction.

Plaintiff states he paid the premiums up to and after a fire destroyed the house under construction on January 2, 2002. State Farm investigated the incident and determined the fire was set intentionally. Plaintiff asserts State Farm did not

3

make a "good faith effort to secure the assistance of available authorities" to provide an "impartial investigation." (Compl. ¶ 35.) Plaintiff further alleges that State Farm removed evidence from the premises preventing further investigation. (Compl. ¶ 36.)

After its investigation, State Farm further determined Plaintiff's insurance application contained material misrepresentations. State Farm paid the mortgage balance owed to American General Finance and paid contractors to remove debris from the site but denied the claim filed by Plaintiff and his wife ("Everettes"). Plaintiff alleges that State Farm's actions were racially discriminatory because State Farm "[paid] off a corporation and a white individual who cleaned the site and removed debris but would not pay the Everettes that paid for the policy and who are black individuals." (Compl. ¶ 44.)

On July 27, 2005, Plaintiff was found guilty of one count of insurance fraud by a jury. (Compl. ¶ 47.) Plaintiff accuses State Farm of participating in the prosecution and, thus, breaching the obligations it owed Plaintiff under the policy. (Compl. ¶¶ 48-49.)

### B. Fifth and Fourteenth Amendments

Plaintiff claims that State Farm has violated his right to due process and equal protection under the Fifth and Fourteenth Amendments. "With few exceptions, constitutional guarantees, including those of individual liberty and equal protection, 'do not apply to the actions of private entities.'" *Goldstein v.*

4

*Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 341 (4th Cir. 2000) (quoting *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 619 (1991)).

Section 1983 of Title 42 of the United States Code provides a private right of action where a person acting under the color of state law deprives an individual of a federally protected right. *See* 42 U.S.C. § 1983. In order to state a claim for relief under § 1983, a plaintiff must allege that he was deprived of his "rights, privileges or immunities secured by the United States Constitution and laws" by government action. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Purely private conduct, "no matter how discriminatory or wrongful," is not actionable under § 1983 or the Fifth or Fourteenth Amendments. *Mentavlos v. Anderson*, 249 F.3d 301 (4th Cir. 2001); *see also Burton v. Wilmington Parking Authority*, 365 U.S. 715, 722 (1961) ("[P]rivate conduct abridging individual rights does no violence to the Equal Protection Clause unless to some significant extent the State in any of its manifestations has been found to have become involved in it.").

Plaintiff has named two private parties as defendants. Plaintiff's complaint contains no allegations from which it could be inferred that Defendants were state actors or that their conduct constituted state action. Thus, Plaintiff's "due process and equal protection claims" should be dismissed as frivolous or for failure to state a claim.

### C. State Claims

Plaintiff's remaining claims arise under North Carolina state law. As Plaintiff's federal claims fail, there is no federal jurisdiction to which these state

claims may attach. *See* 28 U.S.C. § 1367 (providing that a court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction"). Having considered principles of comity, convenience, fairness and judicial economy, the undersigned recommends that the court decline jurisdiction over the remaining state-law claims. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988).

## CONCLUSION

For the reasons stated above, it is RECOMMENDED that Plaintiff's claims be DISMISSED as frivolous or for failure to state a claim upon which relief can be granted and that the court DECLINE to exercise supplemental jurisdiction over the remaining state-law claims.

The Clerk shall send a copy of this Memorandum and Recommendation to the pro se Plaintiff, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 11th day of June 2015.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge