IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:14-CV-78-H

THOMAS EVERETTE, JR.          )
                              )
    Plaintiff,                )
                              )
                              )
v.                            )        **ORDER**
                              )
                              )
STATE FARM FIRE AND CASUALTY  )
COMPANY, and BERNICE PITT,    )
                              )
    Defendants.

This matter is before the court for frivolity review. Magistrate Judge Kimberly A. Swank filed a Memorandum and Recommendation ("M&R") recommending that plaintiff's federal claims be dismissed as frivolous and that the court decline to exercise supplemental jurisdiction over the remaining state law claims. Plaintiff filed timely objections.

In plaintiff's objections, he notes that he agrees with all of the Magistrate Judge's recommendations, excepting the court's recommendation to decline exercising supplemental jurisdiction over the remaining state law claims. Plaintiff believes he has already been denied the right to access the courts of North

Carolina in Edgecombe County. Plaintiff, however, gives no details on this denial of access allegation. The court has reviewed this issue de novo, and finds that considering principles of comity, convenience, fairness and judicial economy, it should decline to exercise supplemental jurisdiction.

Furthermore, a full and careful review of the M&R and other documents of record convinces the court that the recommendation of the magistrate judge is, in all respects, in accordance with the law and should be approved.

## CONCLUSION

Accordingly, the court adopts the recommendation of the magistrate judge as its own; and for the reasons stated therein, the plaintiff's federal claims are DISMISSED AS FRIVOLOUS. Having carefully weighed the factors involved, the court declines to exercise supplemental jurisdiction over the remaining state-law claims. Therefore, the state law claims are DISMISSED WITHOUT PREJUDICE. Pursuant to 28 U.S.C. § 1367(d), the period of limitation for any supplemental claim shall be tolled while the claims were pending in federal court and for a period of 30 days after dismissal. Therefore, plaintiff will have 30 days from the date of this order to refile his state law

2

claims in the courts of North Carolina if he so chooses.[1] The clerk is directed to close this case.

This 23rd day of September 2015.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

---

[1] Of course, if the state law claims were not timely at the time the case was filed in this court, the fact that the limitations period was tolled during the pendency of this lawsuit is irrelevant. The court takes no position on this issue.

3